SUPERIOR COURT
OF GUAM

2014 NOV 14 AM 9:30

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **KATHRYN S. WALLACE,** | ) **Case No. DM 1151-05** |
| Plaintiff, | ) |
| | ) |
| vs. | ) **DECISION AND ORDER ON** |
| | ) **PLAINTIFF'S MOTION TO DISMISS** |
| **BRETT R. WALLACE,** | ) |
| Defendant. | ) |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on August 18, 2014 upon Plaintiff Kathryn Wallace's Motion to Dismiss. Attorney Georgette Bello Concepcion represents Plaintiff Kathryn Wallace, and Attorney Daniel S. Somerfleck represents Defendant Brett Wallace. For the reasons set forth below, the Court GRANTS the Motion.

### BACKGROUND

On June 6, 2006, this Court entered into Judgment the parties' Divorce and Property Settlement Agreement which included the custody arrangement for the parties' two minor children. The Court thereafter modified the original custody order to provide joint legal and physical custody on an alternating yearly basis. Plaintiff has also brought related matters before the Court on January 13, 2011 and May 7, 2013.

In January of 2014, Plaintiff filed a Petition to Register and Make Foreign Judgment Executory, for an Abduction Prevention Order, Opposing Relocation and to Modify Custody in the 22nd Judicial District Court, St. Tammany Parish, Louisiana. In response, Defendant filed



an exception of lack of subject matter jurisdiction, informing the Louisiana court that a proceeding was pending in Guam. On March 14, Defendant filed an Ex Parte Motion for Contempt and Motion to Modify Custody in this Court. Plaintiff filed her Opposition to Defendant's Motion on April 11.

The Louisiana court heard evidence on Plaintiff's Petition on May 7, 2014. The court found that "at the time of the filing of this petition . . . that [Defendant] was and had for sometime [sic] been residing in the country of the Philippines," and thus "subject matter jurisdiction is appropriate to the state of Louisiana." (Pl.'s Mot. to Dismiss, Ex. B, 84:16-85:12). The Louisiana court formalized its finding in a Judgment on May 16, ordering that "the Twenty Second Judicial District Court, Parish of St. Tammany, State of Louisiana, has jurisdiction of the child custody proceeding . . . under the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA")." (Pl.'s Mot. to Dismiss, Ex. A). The court explicitly concluded that "the Territory of Guam no longer has jurisdiction over said child custody proceedings." (Id.)

On June 6, 2014, Plaintiff filed the instant Motion to Dismiss. Defendant responded in his Opposition to Plaintiff's Motion to Dismiss on June 18. Plaintiff then replied the following day. On August 18, the Court heard oral arguments and took the matter under advisement.

## DISCUSSION

Guam Rules of Civil Procedure 12(h)(3) provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Plaintiff argues that, pursuant to the UCCJEA, the Louisiana court's finding that Guam courts lack subject matter jurisdiction in the matter deprived Guam courts of jurisdiction. (Pl.'s Mot. to Dismiss, 2:5-3:5). Defendant, on the other hand, urges the Court to reconsider the Louisiana court's judgment, arguing that the "crux of the issue [is] the term 'presently resides.'" (Def.'s Resp. to Pl.'s Mot. to Dismiss, 4:6-18).

The issue before the Court is not whether Defendant resided in Guam at the time of the Petition; the Court need not answer that question to dispose of the instant case.[1] Rather, the

---

[1] Notwithstanding this, the Court still notes that the Louisiana court had ample evidence before it to find that Defendant did not reside in Guam at the time of Plaintiff's Petition. (Pl.'s Reply to Def.'s Mot. in Opp'n, 5:15-6:6).

question before the Court is simple: Did the court of another state find that Defendant did not reside in Guam? The Court finds that one did.

Guam has adopted the UCCJEA. <u>See</u> 7 G.C.A. ch. 39 (statutory codification of the UCCJEA). The UCCJEA provides that "a court of Guam which has made a child-custody determination consistent with sections 39201 or 39203 has exclusive, continuing jurisdiction over the determination until . . . (2) a court of Guam or a court of another State determines that the child, the child's parents, and any person acting as a parent do not presently reside in Guam." 7 G.C.A. § 39202. The policy underlying the rule is that "considerations of waste of resources dictate that a court in State B, as well as a court in State A, can decide that State A has lost exclusive, continuing jurisdiction." UCCJEA § 202, cmt. 2.

Once lost, the exclusive, continuing jurisdiction cannot be "reestablished if . . . the non-custodial parent returns" to the original jurisdiction State. UCCJEA § 202, cmt. 2. Furthermore, the original jurisdiction's orders "cannot be modified even if the State has once again become the home State of the child." <u>Id.</u>

Here, Plaintiff filed a Petition to Register and Make Foreign Judgment Executory, for an Abduction Prevention Order, Opposing Relocation and to Modify Custody in Louisiana in January of 2014. The Louisiana court heard evidence on Plaintiff's Petition on May 7. At the close of that hearing, the Louisiana Court noted first that "[i]n determining subject matter jurisdiction I need to determine at the time of the filing of the petition in the state of Louisiana where this Court determines that [Defendant] lived at that time." (Pl.'s Mot. to Dismiss, Ex. B, 84:4-10). The court went on to find that "at the time of the filing of this petition . . . that [Defendant] was and had for sometime [sic] been residing in the country of the Philippines," and thus "subject matter jurisdiction is appropriate to the state of Louisiana." (<u>Id.</u> 84:16-85:12).

In a Judgment on May 16, 2014 the Louisiana court formalized its finding, ordering that "the Twenty Second Judicial District Court, Parish of St. Tammany, State of Louisiana, has jurisdiction of the child custody proceeding . . . under [UCCJEA]." (Pl.'s Mot. to Dismiss, Ex. A). The court explicitly concluded that "the Territory of Guam no longer has jurisdiction over said child custody proceedings." (<u>Id.</u>)

//

//

//

The Court is thus satisfied that the court of another state—Louisiana—found that Defendant did not at the time of Plaintiff's petition reside in Guam. The Louisiana court's judgment is sufficient to deprive Guam courts of subject matter jurisdiction. [2]

## CONCLUSION

In light of the foregoing and the absence of subject matter jurisdiction, the Court GRANTS Plaintiff Kathryn Wallace's Motion to Dismiss.

**IT IS SO ORDERED** this day of November 14, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

B. Concepcion
Somulick

Date: 11/14/14 Time: _____

Deputy Clerk, Superior Court of Guam

---

[2] The Court acknowledges Plaintiff's assertion that, pursuant to section 39109(a) of the UCCJEA, Plaintiff is not "subject to personal jurisdiction in Guam for another proceeding or purpose solely by reason [of this proceeding]." 7 G.C.A. § 39109 (emphasis added). The Court, however, does not see a need at this time to determine whether it may otherwise maintain personal jurisdiction over Plaintiff.